IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAWN S. LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:14-cv-01584-PPS-CAN |
| | ) |
| MEMORIAL HOSPITAL OF SOUTH BEND, | ) |
| INC. and DEB RAYBOLD, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Dawn Lewis believes that she has been the subject of discrimination by her former employer, Memorial Hospital of South Bend, as well as her former supervisor at the Hospital Deb Raybold. Lewis alleges discrimination on the bases of retaliation, race and color (and possibly sex and national origin). The Hospital and Raybold have moved to dismiss the claims based on four arguments. For the following reasons, the defendants' motion is granted in part and denied in part.

## BACKGROUND

Lewis is an African-American woman who was hired by the Hospital in November 2003 to work as a Patient Care Assistant. A few months later she was transferred to Community Health Enhancement as a Community Health Coordinator. In June 2012 she was transferred again, this time to the Brain Works Division, of which defendant Raybold was the Director. Lewis alleges that harassment began immediately, and she was intimidated and retaliated against after requesting mediation and

complaining to an Executive Director. Lewis was placed on unpaid leave in May 2013 and given 60 days to find another job within the Health System; if she didn't find a new job, she would be considered terminated after 60 days. (DE 4 at 4; DE 7-1 at 5.)

Lewis describes the harassment, intimidation and retaliation this way:

> (1) being given unwarranted low performance evaluations, (2) given a condescending flyer regarding plaintiff's eating habits that were unrelated to her work that no other employee received, (3) complaints of her cell phone usage days or weeks after the alleged cell phone use took place so the plaintiff could not respond with records showing there was no such abuse, and (4) claims that the plaintiff was parking in the wrong place when others were allowed to park there, and thereafter defendant then retaliated against her by terminating her after she complained of the discriminatory treatment to Executive Director, Margo DeMont. The plaintiff won an appeal on April 30, 2013, after which she applied for twenty-three internal positions and did not receive any offer of hire. Defendant's conduct was extreme conduct amounting to a material change in the terms and conditions of plaintiff's employment.

(DE 4 at 4-5.) Lewis alleges that the "harsh employment conditions" she was subjected to were not applied to employees with other racial backgrounds. (DE 4 at 5.) Lewis claims she was unlawfully discharged based on her "sex, race, color and national origin in retaliation for the plaintiff utilizing the grievance process." (DE 4 at 5.)

Before filing her Complaint Lewis filed two Charges of Discrimination with the South Bend Human Rights Commission. They were both filed in August 2013, a little over a week apart. It's not clear why there are two, but they are substantially similar. Lewis checked the boxes for discrimination based on race and retaliation. (DE 7 Ex. 1 at 3, 5.) Lewis described herself as a "Black female," and described her supervisor

2

defendant Raybold as "White." (*Id.*) Here is how she concluded her Charge of Discrimination: "White employees have not been treated the way I have been treated. I believe I have been retaliated and discriminated against due to my race, Black, which is in violation of Title VII of the Civil Rights Act of 1964, as amended." (*Id.* at 4, 6.)

The complaint is not a model of clarity, but as best as I can figure the claims are these: Title VII discrimination against the Hospital, section 1981 discrimination against Raybold, and a claim under the Indiana Civil Rights Law aimed at both the Hospital and Raybold. The Indiana law is mentioned once in the introductory paragraph under "Nature of the Action," then not again.

## DISCUSSION

The defendants make four arguments for dismissal. First, they say the Indiana Civil Rights Law ("ICRL") claims should be dismissed because they haven't agreed to litigate such claims in court, so I don't have subject matter jurisdiction. Second, they argue the Complaint doesn't specify Raybold's illegal actions, so claims against her can't stand. Third, the defendants argue Lewis can't claim retaliation because she never complained about practices covered by Title VII before the alleged retaliation. And finally, the defendants argue that Lewis failed to meet Title VII's procedural requirements with respect to her sex and national origin claims by failing to address them in her Charge of Discrimination filed with the South Bend Human Rights Commission. I'll take up these arguments in order.

3

Under the ICRL, Ind. Code 22-9-1-1 to -18, the default procedure is for the Indiana Civil Rights Commission to provide a forum for discrimination claims. However, if both the complainant and respondent agree in writing then a claim may be adjudicated in a court of law. I.C. § 22-9-1-16(a). Lewis's Complaint doesn't address whether the defendants agreed to handle this claim in a court of law, and the defendants state they haven't agreed. (DE 7 at 7.) Lewis didn't bother to address this issue in her response. Without an agreement to litigate in court, this Court lacks subject matter jurisdiction over the ICRL claim, and the claim must be dismissed, so the defendants' motion is **GRANTED** with respect to the ICRL claim. *See, e.g.*, *Walter v. Wal-Mart Stores*, No. 4:09-cv-00015-JD, 2011 U.S. Dist. LEXIS 112185, at *42-43 (N.D. Ind. Sept. 28, 2011); *Sturdivant v. Ind. Prot. & Advocacy Servs.*, No. IP01-1717-C-T/K, 2003 U.S. Dist. LEXIS 22210, at *25 (S.D. Ind. Sept. 26, 2003) ("The administrative process of the ICRC can be bypassed, but only in one narrow circumstance: if both the party making the complaint and the party responding to it agree in writing to have the matter decided in a court of law. Ind. Code § 22-9-1-16. Otherwise, there is no private right of action."); *Fort Wayne Metro. Human Rels. Comm'n v. Marathon Gas Station (Nachhatar Stores, Inc.)*, 926 N.E.2d 1085, 1089-90 (Ind. Ct. App. 2010) (holding Civil Rights Commission rule allowing one party to decide to move to court conflicts with statute which requires both parties to agree and invalidating rule, remanding case for dismissal due to trial court's lack of jurisdiction).

Next up are the claims brought against Raybold. Although a claim against Raybold under Title VII could not get to first base because Title VII claims may only be brought against "employers," no such restriction applies to claims brought under section 1981. *See*, *Smith v. Bray*, 681 F.3d 888, 896 n.2 (7th Cir. 2012). A retaliation claim may also be available under section 1981, *see*, *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 446 (2008), if Lewis stated such a claim.

It's true that the Complaint is lacking in allegations of facts relating directly to Raybold – a lot of passive voice was used. By contrast, Lewis's Charge of Discrimination filed with the South Bend Human Rights Commission alleges Raybold took actions that violated Lewis's rights. I was unable to find any case law indicating that a Charge of Discrimination should be substantively read into a Complaint. It is an unusual situation for the Charge to be more robust in its allegations than the Complaint. Without reading the Charge's allegations into the Complaint, the Complaint alone doesn't actually state any actions Raybold herself took, discriminatory or otherwise. The defendants' motion to dismiss Raybold from the action is therefore **GRANTED**. Plaintiff has leave to amend the Complaint to address Raybold's actions, both in the primary discrimination and the alleged retaliation.

As for retaliation, it's a close call, but the Complaint contains enough to state a claim for retaliation against the Hospital. As I've mentioned, Lewis's Complaint could be clearer and more complete. But at this point I must give her the benefit of the doubt. The Complaint says that Lewis was "retaliated against after requesting mediation and

complaining to a Executive Director, Margo DeMont, then being placed on unpaid leave of absence . . . ." (DE 4 at 4.) It also later states that "defendant[1] then retaliated against [Lewis] by terminating her after she complained of the discriminatory treatment to Executive Director, Margo DeMont," and that Lewis was terminated "in retaliation for the plaintiff utilizing the grievance process." (DE 4 at 5.) In short, Lewis alleges that she used the Hospital's grievance process to raise her claim of discrimination, and her employment was terminated as a result. She states a claim for retaliation against the Hospital (although not, as I've addressed previously, against Raybold because she doesn't state in her Complaint any action that Raybold herself took). The request for dismissal of the retaliation claim against the Hospital is therefore **DENIED**.

The final issue to consider is the defendants' argument that Lewis hasn't met Title VII's procedural requirement that discrimination claims be raised in a Charge of Discrimination before a lawsuit can be filed (after a right to sue notice is issued). The defendants make this argument with respect to discrimination claims based on sex or national origin. Lewis filed a Charge of Discrimination with the South Bend Human Rights Commission , but it only alleges discrimination on the basis of race, along with retaliation. This goes for both the checked boxes and the content of the description of alleged discriminatory acts.

---

[1] Lewis clarified in her response to the Motion to Dismiss that "the term 'defendant,' as that term is used in the Complaint, refers only to [the Hospital]; it does not refer to Raybold." (DE 9 at 9.)

Sex and national origin pop up occasionally in the Complaint. Frankly, it looks like complaint cut-and-paste potpourri. Page one mentions race, color and national origin. Pages two to three describe exhaustion of prerequisites to suit by stating that the defendants fired Lewis "based on her race and/or color" and that Lewis filed a timely discrimination charge. Page three mentions "sex, race and/or color." Pages three and four describe Lewis as "a black African-American female," and so a member of a protected class. Page five finally mentions (twice) all of the possible bases in one place, "sex, race, color and national origin." Lewis's response to the motion to dismiss makes the defendants' case by stating at the outset that "defendant terminated plaintiff's employment based on her race and/or color." (DE 9 at 1.) Not sex or national origin. It goes on to discuss all sorts of non-responsive matter – including a plaintiff's cooperation with an EEOC investigation and decisions from the Fourth and Eighth Circuits – but doesn't tell me how Lewis has fulfilled administrative procedures related to claims of discrimination based on sex or national origin. This is to say nothing of the fact that Lewis's mentions of sex and national origin are so sporadic in the Complaint that they wouldn't state a claim even if Lewis had mentioned them in her Charge.

Because Lewis didn't allege discrimination based on sex or national origin in her Charge of Discrimination, the motion to dismiss is **GRANTED** on this ground and any such claims she intended to raise in her Complaint are dismissed. *See, e.g.*, *Conley v. Village of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000) ("A plaintiff may pursue a claim not explicitly included in an EEOC complaint only if her allegations fall within the

scope of the charges contained in the EEOC complaint. To determine whether the allegations in the complaint fall within the scope of the earlier EEOC charge, we must look at whether the allegations are like or reasonably related to those contained in the charge." (quotation marks, citations omitted)); *see also*, *Teal v. Potter*, 559 F.3d 687, 691-92 (7th Cir. 2009); *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006).

So after partial dismissal, the only remaining claim is one under Title VII against South Bend Memorial Hospital on the bases of race and/or color, and retaliation. Lewis has 30 days from the date of entry of this Order to amend her Complaint to cure the deficiencies explained herein if she chooses to do so.

## CONCLUSION

Defendants South Bend Memorial Hospital's and Debra Raybold's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**, as described more fully in this Opinion. **Lewis has 30 days from the entry of this Order to AMEND HER COMPLAINT should she wish to do so.**

SO ORDERED.

Entered: October 29, 2014

/s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**